UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WILLIAM PARRISH, individually and on behalf of all others similarly situated <br><br> Plaintiff, <br><br> vs. <br><br> PREMIER DIRECTIONAL DRILLING, L.P., <br><br> Defendant. | § <br> § <br> § DOCKET NO. <br> § <br> § JURY TRIAL DEMANDED <br> § <br> § COLLECTIVE ACTION <br> § PURSUANT TO 29 U.S.C. § 216(b) <br> § <br> § <br> § <br> § |

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. William Parrish (hereinafter "Plaintiff" or "Parrish") brings this lawsuit to recover unpaid overtime wages and other damages from Premier Directional Drilling, L.P. ("Premier" or "Defendant") for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"). Instead of paying Plaintiff overtime, Defendant paid Plaintiff and all of the similarly situated Directional Drillers Consultants ("DDs") and Measurement While Drilling Consultants ("MWDs") a day rate and misclassified them as independent contractors, instead of employees. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Plaintiff lived and worked in this division during the relevant time period.

1

## III. THE PARTIES

4. Plaintiff worked for Defendant as a consultant DD during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as <u>Exhibit A</u>.

5. The nationwide class of similarly situated individuals ("Putative Class Members") consists of:

> **ALL INDIVIDUALS WHO WORKED FOR PREMIER DIRECTIONAL DRILLING, L.P. OVER THE PAST THREE YEARS AS DDs OR MWDs, WHO WERE PAID A DAY RATE WITHOUT OVERTIME COMPENSATION AND WERE CLASSIFIED AS INDEPENDENT CONTRACTORS**

6. Defendant Premier Directional Drilling, L.P. may be served through its registered agent Stephen A. Mendel at 1155 Dairy Ashford, Suite 104, Houston, Texas 77079 or wherever the registered agent may be found.

## IV. COVERAGE UNDER THE FLSA

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of

sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V. FACTS

11. Premier is a directional drilling company that claims to have operations in oil and gas formations such as the Eagle Ford Shale, Delaware Basin, Permian Basin, Bakken Formation, Michigan Basin, Mississippian Lime Play, and Marcelleus Formation. http://www.premierdirectionaldrilling.com/pages/operations.asp.

12. Based in Houston, Texas, Premier employs MWD and DD field support professionals who it deploys across the United States. Premier employs MWDs and DDs who are treated as W-2 employees and MWD and DDs who are treated as independent contractors. There are no appreciable differences between the W-2 and the independent contractors. In fact, they often work together on the same jobs, operate in accordance with the same procedures and report to the same supervisors.

13. Over the statutory time period, Defendant has employed many Putative Class Members throughout the United States. While exact job titles may differ, these individuals were subjected to the same or similar illegal pay practices for similar work.

14. The Putative Class Members' primary job duties include operating oilfield machinery, collecting/relaying data, and reporting their daily activities to their field supervisors for analysis. The Putative Class Members conduct their day-to-day activities within designated parameters and in accordance with a predetermined well plan. The well plan was created, implemented, and regularly maintained by the well site supervisors. The Putative Class

3

Members activities are routine and largely governed by standardized plans and checklists created by Defendant and their clients. Every element of the Putative Class Members' job was predetermined for them by Defendant and their clients, including the tools to use at a job site, the data to compile, and schedule of work and related work duties.

15. The job functions of the Putative Class Members are primarily blue collar, technical and manual labor in nature, requiring little to no official training. Likewise, college education is not required to perform these job functions.

16. All of the Putative Class Members worked similar hours and were denied overtime as a result of the same illegal pay practice. All of the Putative Class Members were generally scheduled to work 84 hours per workweek, but often worked more. Instead of being paid hourly, all of the Putative Class Members were paid a day rate and treated as independent contractors. No matter how many hours the Putative Class Members worked in excess of forty hours a week, they were not paid overtime compensation.

17. Plaintiff and the Putative Class Members worked at the direction of Premier and Premier's operator clients.

18. Premier required Plaintiff and the Putative Class Members' strict compliance with Premier's policies and procedures.

19. Premier controlled the work schedules of Plaintiff and the Putative Class Members.

20. Premier set the rates of pay of Plaintiff and the Putative Class Members.

21. Plaintiff and the Putative Class Members's skill set did not affect his or her opportunity to control profits or losses.

22. Premier did not require Plaintiff or the Putative Class Members to provide the equipment essential to the correct performance of the MWD or DD job.

23. Plaintiff and the Putative Class Members do not possess any uniquie skill sets that cannot be learned through on the job training.

24. Premier employs MWDs and DDs that are classified as employees, who perform the same job duties as the Plaintiff and Putative Class Members who are a Party to this case.

25. Premier misclassified Plaintiff and the Putative Class Members as independent contractors. Premier should have treated Plaintiff and the Putative Class Members as employees, and paid hourly and overtime. This lawsuit seeks to hold Premier responsible for its illegal compensation practices.

## VI. FLSA Violations

26. During the relevant time period, Defendant violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

27. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members their overtime compensation. The decision by Defendant not to properly pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable, nor in good faith. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an

amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

28. Numerous individuals have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these individuals have worked with Plaintiff and have reported that they were paid in the same manner, worked in similar conditions as an independent contractor, and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these individuals, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members nationwide.

29. The Putative Class Members all received a day rate, regularly worked in excess of 40 hours per week, were misclassified as independent contractors, and were not paid overtime compensation. These individuals are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

30. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

31. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all

hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VIII. RELIEF SOUGHT

32. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

    d. For an Order awarding Plaintiff (and those who have joined in the suit) unpaid benefits and compensation in connection with the FLSA violations;

    e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    mjosephson@fibichlaw.com
    Andrew W. Dunlap
    Fed Id. 1093163
    State Bar No. 24078444
    adunlap@fibichlaw.com
    Lindsay R. Itkin
    Fed Id. 1458866
    State Bar No. 24068647
    litkin@fibichlaw.com
    Jessica M. Bresler
    Fed Id. 2459648
    State Bar No. 24090008
    jbresler@fibichlaw.com
    **FIBICH, LEEBRON, COPELAND,**
    **BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**