UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM PARRISH, individually and on behalf of all others similarly situated | § § § § § § § § § § § § § | |
| Plaintiff, | | DOCKET NO. 5:16-cv-00417-DAE |
| vs. | | JURY TRIAL DEMANDED |
| PREMIER DIRECTIONAL DRILLING, L.P., | | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | | |

## PARRISH'S REPLY IN SUPPORT OF STRIKING CERTAIN AFFIRMATIVE DEFENSES

**1. SUMMARY**

William Parrish moved to strike the following affirmative defenses:

**Affirmative Defense No. 4. –**  Performance, Unclean Hands, Laches, and Estoppel;

**Affirmative Defense No. 5. –**  Payment, Accord, Satisfaction, License, Release, Setoff, Offset, and Recoupment

**Affirmative Defense No. 10. –**  Proximate Cause

**Affirmative Defense No. 11. –**  Consent

**Affirmative Defense No. 25. –**  Failure to Mitigate

**Affirmative Defense No. 29 and 30. –**  Credit, Setoff, Offset, and Recoupment

Defendant conceded affirmative defenses numbers 4 (as to Performance, Unclean Hands, and Laches), 10, 11, and 25 were insufficient and removed them from its Amended Answer. ECF No. 15. But, it refuses to remove its inappropriate estoppel, payment, accord, satisfaction, release, recoupment, setoff, offset, and credit defenses. *See* ECF No. 15, Aff. Defs. 4, 5, 6, 7, 28.

These affirmative defenses should be stricken.

## 2. DEFENDANT'S REWORDED DEFENSES FAIL AS A MATTER OF LAW

### a. AFFIRMATIVE DEFENSES 5 AND 7

In asserting the estoppel, payment, accord, satisfaction, release, and recoupment defenses, Premier argues the L*angston v. Premier Directional Drilling* case could potentially overlap with this case. However, that is impossible.

The *Langston* case involves MWD and DD workers who were treated as <u>employees.</u> C.A. 4:14-cv-882 (S.D. Tex.) ECF No. 1, ¶ 5. Further, the workers covered by the *Langston* case signed arbitration agreements and are proceeding in arbitration. *Id.*, ECF No. 21 and 26. The case before this Court involves MWDs and DDs working for Premier, treated as independent contractors, without arbitration agreements. ECF No. 1, ¶5.

The *Langston* and *Parrish* collective actions clearly involve two separate groups of workers for Premier Directional – one treated as employees and the other, here, treated as independent contractors. Premier's argument that a court approved settlement could impact claims asserted in this case fails in that the class in *Langston* would have to overlap with the class in *Parrish* – which it by definition doesn't. As a result, Defendant's affirmative defenses 5 and 7 should be stricken.

### b. AFFIRMATIVE DEFENSE 4

Defendant's affirmative defense 4 - that estoppel generally is available – should also be stricken. As a general rule, "the doctrine of estoppel is not recognized under the FLSA…" *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1320 (S.D.Fla.2005); *see also Burry v. Nat'l Trailer Convoy, Inc.,* 338 F.2d 422, 426-27 (6th Cir.1964); *Handler v. Thrasher,* 191 F.2d 120, 123 (10th Cir.1951); *McCumber v. Eye Care Ctr. of Am., Inc.*, No. CIV.A. 09-1000, 2011 WL 1542671, at *2-3 (M.D. La. Apr. 20, 2011) ("estoppel is no defense to FLSA claims"); *Ayers v. Consol. Const. Servs. Of SW Fla., Inc.*, No. 2:07–cv–123, 2007 WL 4181910, at * 1–2 (M.D.Fla. Nov.26, 2006).

Texas courts apply estoppel in exceedingly "narrow" circumstances. *Brumbelow v. Quality Mills, Inc.,* 462 F.2d 1324, 1327 (5th Cir.1972). "Without additional facts to support these claims, the

affirmative defenses of laches and estoppel cannot stand." *Herrera v. Utilimap Corp.*, No. CIV.A. H-11-3851, 2012 WL 3527065, at *3 (S.D. Tex. Aug. 14, 2012).

Premier attempts to hang on by a thread and allege that its defense is appropriate "to the extent Plaintiff, or any purported opt-in plaintiff, falsified Premier documents relating to time worked or otherwise affirmatively mislead Premier." ECF No. 15, Aff. Def. No. 4. "[B]aldly naming the [estoppel] defenses without providing any factual support falls well short of putting Plaintiffs on 'fair notice' of the defenses being asserted, especially since it is unclear how these defenses apply in this FLSA action." *Jones v. JGC Dallas LLC,* No. 3:11-CV-2743-O, 2012 WL 4119570, at *6 (N.D. Tex. Aug. 17, 2012), adopted, 2012 WL 4169685 (N.D. Tex. Sept. 19, 2012). Indeed, Premier has done nothing to demonstrate that the generally inapplicable estoppel defense is valid in this case. Therefore, it should be stricken.

### c. DEFENSES 6 AND 28

Further, now Fifth Circuit Court of Appeals Judge Costa was correct in holding that offsets, setoffs, credits are only allowed in the FLSA context as a result of prepaid wages. *Crews v. Elite Coil Tubing Solutions, LLC*, C.A. 6:13-CV-00020, 2013 WL 6252697, at *1-2 (S.D. Tex. Nov. 26, 2013) (Costa, J.). Such an allegation is absent in this case.

Premier baldly asserts that setoff, offset, and credit is an appropriate defense as a result of the *potential* that Plaintiff and the class members falsified, inflated, or improperly procured wages to which they were not entitled. This argument is not only inapplicable in the FLSA context, but it is impossible.

Plaintiff contends that Premier employed him and the class members as independent contractors. ECF No. 1, ¶ 5. Parrish and the class members were paid a daily rate – not hourly. *Id.* Further, Parrish and the class members could not influence the amounts paid to them by Premier. *Id.*, ¶ 20. Whether or not Plaintiff and the class members worked 5 hours or 10 hours in a single day, they received the same daily rate. Even if falsification of hours mattered in the FLSA context

regarding offsets, which it doesn't, there was no opportunity for Plaintiff or the class members to falsify hours – **because hours worked didn't affect the compensation received.**

**3.    CONCLUSION**

For these reasons, the Court should strike Premier's 4, 5, 6, 7, 28 affirmative defenses.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
Michael A. Josephson
State Bar No. 24014780
mjosephson@fibichlaw.com
Andrew Dunlap
State Bar No. 24078444
adunlap@fibichlaw.com
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
Matthew S. Parmet
Texas Bar No. 24069719
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
mparmet@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on July 19, 2016.

*/s/ Andrew W. Dunlap*
Andrew W. Dunlap