```
              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TEXAS
                  SAN ANTONIO DIVISION

WILLIAM PARRISH, CHAPLAIN     *
DENNIS JONES and CHRISTOPHER  *
LEONARD,                      *
                              *
           Plaintiffs,        *   CIVIL NO. SA-16-CA-00417-DAE
                              *
v.                            *
                              *
PREMIER DIRECTIONAL DRILLING, *
L.P.,                         *
                              *
           Defendant.         *
                              *
```

## MEMORANDUM AND RECOMMENDATION

Before the Court is plaintiff, William Parrish's Motion for Conditional Certification and Notice to Potential Class Members (docket nos. 20 and 26), to which defendant, Premier Directional Drilling, L.P., has responded (docket no. 25). Upon consideration of the motion, response and applicable law, plaintiff's motion should be **GRANTED as modified.** (Docket no. 20).

## BACKGROUND

Defendant, Premier Directional Drilling, L.P. ("Premier") is a directional drilling company based in Houston, Texas, that has oil and gas operations throughout the United States, including the Eagle Ford Shale in Texas. (Docket no. 1). Plaintiff, William Parrish, maintains that Premier employs Directional Drillers Consultants ("DD") and Measurement While Drilling Consultants ("MWD") and classifies some as W-2

employees and others as independent contractors regardless of the fact that "they often work together on the same jobs, operate in accordance with the same procedures and report to the same supervisors." (Docket no. 1, Collective Action Complaint, pg, 3). Plaintiff further alleges that these Putative Class Members were generally scheduled to work 84 hours per week but often worked more, and rather than being paid an hourly rate, were paid a day rate and treated as independent contractors. (Id., pg. 4).

Plaintiff bring this action for violation of the Fair Labor Standards Act ("FLSA") as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), seeking monetary damages, liquidated damages, costs, pre-judgment and post-judgment interest and attorneys' fees. (Id., pg. 7). Presently, the Court considers plaintiff's Motion for Conditional Certification and Notice to Potential Class Members. (Docket no. 20).

## APPLICABLE LAW

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. **29 U.S.C. § 207(a).** Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. **29 U.S.C. § 216(b).** Section 216(b) also permits an employee to

bring suit against an employer on "behalf of himself ... and other employees similarly situated." *Id.*

In determining whether to certify a collective action pursuant to **29 U.S.C. § 216(b)**, the Court employs the two stage test set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by* ***Desert Palace, Inc. v. Costa***, 539 U.S. 90, 90-91 (2003); *see also Vallejo v. Northwest I.S.D.*, No. SA-12-CV-270-XR, 2012 WL 5183581, at *1 (W.D.Tex. Oct.17, 2012)(explaining that while the Fifth Circuit has not adopted a specific test for determining whether to certify a collective action under **29 U.S.C. § 216(b)**, the prevailing analysis used by federal courts is the *Lusardi* two-stage test); *Vargas v. HEB Grocery Co., LP*, No. SA-12-CV-116-XR, 2012 WL 4098996, at *3 (W.D.Tex. Sept.17, 2012).

In *Mooney*, the Fifth Circuit explained the *Lusardi* analysis as follows:

> The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery.

> The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives--i.e. the original plaintiffs--proceed to trial on their individual claims.

***Mooney***, 54 F.3d at 1213-14.

"The decision to create an opt-in class under §216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the District Court." ***Espinosa v. Stevens Tanker Div., LLC***, No. SA-15-CV-879-XR, 2016 WL 4180027, at *2 (W.D.Tex. Aug.5, 2016)(*quoting* ***Hipp v. Liberty Nat'l Life Ins. Co.***, 252 F.3d 1208, 1219 (11th Cir. 2001)); ***see also* U.S.C. § 216(b)**; ***Mooney***, 54 F.3d at 1213-14. Further, the standard for determining whether the potential class of plaintiffs is "similarly situated" is a lenient one and, generally, the request for conditional certification is granted. ***Mooney***, 54 F.3d at 1214; ***see also Vallejo***, 2012 WL 5183581, at *1. As the Fifth Circuit noted in ***Mooney***, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." ***Mooney***,

4

54 F.3d at 1214, n.8 (*quoting* ***Sperling v. Hoffman-La Roche, Inc.***, 118 F.R.D. 392, 407 (D.N.J. 1988)).

## DISCUSSION

### I.   Motion for Conditional Certification

Plaintiff initially sought to certify the following class: "[a]ll individuals who worked for Premier Directional Drilling, L.P. over the past three years as DDs or MWDs, who were paid a day rate without overtime compensation and were classified as independent contractors." (Docket no. 1, pg. 2).  However, plaintiff's motion for conditional certification appears to limit the proposed class to "Directional Drillers employed by, or working on behalf of, Premier Directional Drilling, L.P. as independent contractors at any time between three years prior to date of certification, and the present." (Docket no. 20, app. 1, Proposed Notice, pg. 1).

Conditional certification is proper when the class members are similarly situated and together were the victims of a single decision, policy, or plan infected by discrimination. ***Mooney***, 54 F.3d at 1214.  To make this determination, the Court looks only to the pleadings and affidavits. ***Id.***  A plaintiff seeking conditional certification must generally show the following: that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist, (2)[ ] those aggrieved individuals are similarly situated to the plaintiff in

5

relevant aspects given the claims and defenses asserted, and (3)[ ] those individuals want to opt-in to the lawsuit." *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *3 (W.D.Tex. Mar.31, 2015)(*citing* *Casanova v. Gold's Tex. Holdings Grp., Inc.,* No. 5:13-CV-1161-DAE, 2014 WL 6606573, at *2 (W.D.Tex. Nov.19, 2014) (*quoting* *Walker v. Honghua Am., LLC,* 870 F.Supp.2d 462, 465-66 (S.D.Tex. 2012)).

Defendant opposes the motion, arguing that plaintiff has failed to meet his burden of showing that there is a reasonable basis for the assertion that aggrieved individuals exist; that even if plaintiff could show aggrieved individuals exist, plaintiff has failed to show that these individuals are similarly situated; and that plaintiff has failed to show that these individuals want to opt-in this lawsuit.

**1. Common Policy**

Defendant contends that plaintiff has failed to meet his burden of showing that defendant engaged in a common policy or practice that violates the FLSA and, therefore, there is no reasonable basis for the assertion that any aggrieved individuals exist. In the complaint and the affidavits attached to the motion for conditional certification, plaintiff alleged that he and other Putative Class Members worked for Premier as DDs during the relevant statutory period; that plaintiff and other Putative Class Members were generally scheduled to work 84

6

hours per work week but often worked more; that instead of being paid hourly, all Putative Class Members were paid a day rate and treated as independent contractors; that plaintiff and other Putative Class Members were not paid overtime wages regardless of the number of hours worked in excess of forty hours a week; that plaintiff worked alongside other DDs who also worked for Premier but were classified as employees rather than independent contractors; that all Putative Class Members were subjected to the same or similar illegal pay practices for similar work; and that regardless of their classification, all DDs performed the same job duties, worked the same hours, were provided the same tools and told where and when to work.  (Docket no. 1, pgs. 4-5; docket no. 20, exh. A, pgs. 1-7).  These facts sufficiently demonstrate that plaintiff and the potential class members were together victims of a common policy or plan that resulted in the failure to pay overtime wages.  *Mooney*, 54 F.3d at 1214.

Defendant also maintains that plaintiff has failed to show that the Putative Class Members are similarly situated, arguing that each DDs has unique personal circumstances that were taken into account by defendant in determining whether they should be classified as an independent contractor rather than an employee.  However, in determining whether the class is similarly situated, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay

7

practices." *Pacheco*, 2015 WL 1509570, at *6 (*quoting* *Tice v. AOC Senior Home Health Corp.*, 826 F.Supp.2d 990, 996 (E.D.Tex.2011)).

Here, Parrish, Leonard and Jones state that they were hired by defendant as independent contractors but were at all times treated like the DDs who were classified by the defendant as employees. (Docket no. 20, exhs. A-C). They state they worked alongside numerous DDs employees who performed the same job duties, worked the same hours, were provided the same tools, and were told when and where to work by defendant. (Id.). Additionally, Leonard and Jones state that they were each scheduled to work twelve hours a day and often worked around the clock when problems arose. (Id.). They maintain that despite routinely working more than forty hours a week, they were paid a daily rate and were not paid overtime wages. (Id.). While defendant points to some differences in the job duties and levels of DDs, plaintiff has sufficiently demonstrated that the Putative Class Members performed essentially the same basic tasks and were subject to the same pay practices.

Defendant also contends that plaintiff's claim that he and the Putative Class Members were misclassified requires the application of the economics reality inquiry which entails individualized fact-intensive inquiries. Several courts have held that the issue of whether workers are independent

8

contractors or employees is a determination that is best reserved for the second stage of the *Lusardi* two-stage test. *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, 5:15-CV-330-RP, 2015 WL 7075971, at *5 (W.D.Tex. Oct. 5, 2015)(*citing e.g.* *Gonzalez v. Tier One Sec., Inc.*, No. SA-12-CV-806-XR, 2013 WL 1455587, at *2 (W.D.Tex. Apr.8, 2013)("Defendants' argument that their classification of the [plaintiffs] as independent contractors (and not employees) wholly dictates that conditional certification is inappropriate is without merit."); *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101, at *4 (N.D.Tex. Nov.29, 2012)("Defendants argue that this case is not appropriate for adjudication as a collective action because Plaintiffs cannot demonstrate the requisite employer/employee relationship. This is a merits-based argument, and courts are not to engage in merits-based analysis at the notice stage of a collective action."); *Walker*, 870 F.Supp.2d at 471("The Court believes that the economic factors test is likely not appropriate for determination at the first stage of FLSA class certification.")). Other courts have found that the economic realities test should be applied at this early stage to ascertain whether class members are similarly situated so as to justify conditional certification. *See e.g., Christianson v. NewPark Drilling Fluids, LLC*, No. CIV.A. H-14-3235, 2015 WL 1268259, at *4 (S.D.Tex. Mar. 19, 2015)(holding that conditional

9

certification requires members of the putative class to be "similarly situated for purposes of applying the economic realities test at the appropriate phase of [the] case in the future"); *Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287, 289 (S.D.Tex. 2012)(*quoting* *Bamgbose v. Delta-T Grp., Inc.*, 684 F.Supp.2d 660, 668 (E.D.Pa. 2010)(holding that "a court 'must analyze whether the [putative collective action members] are similarly situated with respect to the analysis it would engage in to determine whether the workers are employees or independent contractors.'")).

In *Tamez*, the Court was faced with this same issue and ultimately concluded that conditional certification was justified because there was sufficient reason to believe that the Putative Class Members were "likely to share a common employment status, and that accordingly the economic realities test [could] be applied 'to the class as a whole.'" *Tamez*, 2015 WL 7075971, at *5 (*quoting* *Andel*, 280 F.R.D. at 290)(citing plaintiff's evidence that defendant "(1) interviewed Plaintiffs for their position, (2) scheduled the days and hours Plaintiffs were required to work, (2) provided the equipment necessary to perform their duties, (3) instructed them on how to perform their duties, and (4) supervised their performance"). Moreover, the Court noted that although the employer questioned the credibility of the declarations submitted by plaintiffs in

10

support of their motion, which the Court characterized as "skeletal" and "cursory", the evidence was nevertheless sufficient at the notice stage to warrant conditional certification. *Tamez*, 2015 WL 7075971, at *6.

In the present case, plaintiff submits evidence of a common employment policy sufficient to demonstrate that plaintiff and the aggrieved individuals are similarly situated. (Docket no. 20, exhs. A-C). The declarations collectively provide that Premier interviewed and hired plaintiffs; Premier maintained a uniform day rate practice; Premier provided the essential tools to perform the directional drilling job; Premier assumed liability and insured plaintiffs in case of loss; plaintiff worked alongside other DDs who worked for Premier performing identical job duties regardless of their classification as employees or independent contractors, and they all performed the same job duties, worked the same hours, were provided the same tools and told where and when to work; Premier controlled the hours, locations, and duties performed by plaintiffs; plaintiffs reported to Premier employees; plaintiffs looked to Premier to direct their daily activities; and Premier did not require plaintiffs to perform duties that required specialized skill, education, or training. (Id.).

Based on the foregoing, and in light of the lenient standard applied at this initial stage, the undersigned believes

11

that plaintiff has met his initial burden of demonstrating the aggrieved individuals are similarly situated. Although defendant submits declarations by independent contractors who generally dispute the facts set out in plaintiff's declarations, this is not the proper stage of the litigation to assess the credibility of evidence. *See Lay v. Gold's Gym Int'l, Inc.*, No. SA-12-CV-754-DAE, 2013 WL 5595956, at *5 (W.D.Tex. Oct. 4, 2013)(*quoting* *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D.Tenn. 2009))("At the notice stage of conditional certification, 'the Court does not resolve factual disputes ... or make credibility determinations.'").

2. **Evidence Similarly Situated Aggrieved Individuals Will Join Lawsuit**

Defendant also contends plaintiff fails to sufficiently show that other aggrieved individuals exist that want to opt-in to this lawsuit. In support of its motion, plaintiff submits the declarations of Christopher Leonard and Dennis Jones who state they and others are interested in joining this suit. (Docket no. 20, exhs. B & C; docket no. 26, exh. A). Arguably, these declarations are sufficient to demonstrate the existence of similarly situated aggrieved individuals who want to join this lawsuit. *Pacheco*, 2015 WL 1509570, at *8 (*citing* *Tolentino v. C&J Spec-Rent Servs. Inc.,* 716 F.Supp.2d 642, 653 (S.D.Tex. 2010)(providing that two declarations of similarly situated

individuals, along with the complaint, are sufficient to demonstrate the existence of employees who would opt in); *Lee v. Metrocare Servs.,* 980 F.Supp.2d 754, 768 (N.D.Tex. 2013) ("[N]umerosity is not a requirement for conditional certification under the *Lusardi* approach."); *Jones v. SuperMedia,* 281 F.R.D. 282, 291 (N.D.Tex. 2012)(providing that named plaintiffs' four declarations and their amended complaint were sufficient to demonstrate the existence of employees who would opt in). Although defendant cites to several declarations attached to its response which generally provide that the declarants believe they have been properly compensated by the defendant and that they have no interest in joining this lawsuit, the Court does not resolve any alleged factual disputes at this stage of conditional certification. *See Lay*, 2013 WL 5595956, at *5.

**II.  The Notice**

Defendant objects to the notice, maintaining that the parties should be directed to discuss the notice in the event conditional certification is granted. However, the parties have been afforded sufficient opportunity to address the proposed notice and the Court believes further discussion regarding the notice should be limited to specific matters the Court determines require discussion.

The defendant also argues that a third party should send the notices and the court should receive them. The Court agrees that a third party should send the notice; however, the opt-in forms should not be sent to the court and any language directing class members to file or return their forms to the Court should be deleted. The parties may confer regarding who should receive them.

Defendant next argues that first class mail is the preferred distribution method absent evidence that mail is inadequate and that requests to repeatedly contact class members, including by telephone, should be denied. However, given that oilfield workers are away from home for long periods of time, the Court agrees that email notice should be permitted in this case and would more likely reach potential class members than regular mail. *See Rodriguez v. Stage 3 Separation, LLC*, No. 5:14-cv-603-RP, Doc. 57, at *2 (W.D.Tex. Mar. 16, 2015) (*citing Jones*, 2012 WL 6928101, at *5 n.9). However, plaintiff also seeks to send out a reminder by both regular mail and email, reminding Class Members of the deadline for the submission of the Consent forms. The Court believes the Proposed Notice sufficiently apprises Class Members of the deadline and the consequences for not timely filing their Consent forms. Additional reminders will only increase costs resulting in a diminished award to the class. Accordingly,

14

plaintiff's request to send out reminder notices should be **DENIED**.

Finally, although defendant argues that contact by phone would somehow result in plaintiff repeatedly contacting class members, plaintiff appears to seek contact by phone in instances where class members could not otherwise be reached because their physical address and email were incorrect or invalid.  The Court agrees that should plaintiff be unsuccessful in his attempts to contact potential class members by regular mail and email, class counsel may then contact potential class members by phone using the approved script.  Repeated contacts by phone should not be permitted.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that plaintiff's Motion for Conditional Certification and Notice to Potential Class Members be **GRANTED as modified**.  (Docket no. 20).

Should the District Court accept this recommendation, an Order should be entered addressing the following:

1) this action should be conditionally certified for purposes of notice and discovery with respect to the following class:

   **Directional Drillers employed by, or working on behalf of, Premier Directional Drilling, L.P. as independent contractors at any time between three years prior to date of certification, and the present.**

15

2) the form and content of plaintiff's proposed judicial notice and reminder notice, docket no. 20, Appx. 1-3, should be approved as modified;

3) defendant and/or its counsel should be ordered to produce to plaintiff's counsel the names, last known addresses, phone numbers, email addresses, and dates of employment for each of the Putative Class Members in Excel (.xlsx) format within ten (10) days from the Court's order;

4) Plaintiff's Proposed Notice should be sent to all Putative Class Members by first class U.S. Mail and email within twenty (20) days from the Court's order.  Further, defendant shall be required to post the Notice and Consent Forms on all jobsites for sixty (60) days in an open and obvious location.  Plaintiff's Counsel may follow-up the mailed Notice and Consent Forms with contact by telephone of those Putative Class Members whose mailed or emailed contact information is not valid;

5) Putative Class Members should be given sixty (60) days from the date notice is mailed to return their consent forms. (Forms **should not** be filed with the Court but should instead be mailed to Fibich, Leebron, Copeland, Briggs & Josephson, 1150 Bissonnet Street, Houston, Texas 77005 or some other third party agreed upon by the parties);

6) No reminder mail or email notice should be permitted, nor should repeated phone contact be permitted.

### Instructions for Service and Notice of Right to Object

The District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either electronically or by mailing a copy by certified mail, return receipt requested. Pursuant to **28 U.S.C. § 636(b)(1)** and **FED.R.CIV.P. 72(b)(2)**, any party who desires to object to this Memorandum and Recommendation must serve and file specific written objections within 14 days after being served with a copy. Such party shall

16

file the objections with the District Clerk and serve the objections on all other parties and the Magistrate Judge. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days after being served with a copy shall bar that party from de novo review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of factual findings and legal conclusions to which the party did not object, which were accepted and adopted by the District Court. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985); ***Douglass v. United Servs. Auto. Ass'n***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED** October 14, 2016.

_____
**JOHN W. PRIMOMO**
**UNITED STATES MAGISTRATE JUDGE**