UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WILLIAM PARRISH, JOHNNY DAVIS      *
JR., JOSHUA D. ELLESTAD,           *
MARIO ALFARO, THOMAS J.            *
BECKETT, MATTHEW S. ROBBINS,       *
JASON SHEPHERD, MICHAEL            *
GARDNER and GYULA TOPPANTO,        *
                                   *
              Plaintiffs,          *     CIVIL NO. SA-16-CA-00417-DAE
                                   *
v.                                 *
                                   *
PREMIER DIRECTIONAL DRILLING,      *
L.P.,                              *
                                   *
              Defendant.           *

<u>O R D E R</u>

Before the Court are the following motions: plaintiff, William Parrish's Motion for Protective Order (docket nos. 57, 58 and 67), to which defendant, Premier Directional Drillings, L.P. ("Premier"), has responded (docket no. 66); plaintiff's Emergency Motion to Compel (docket nos. 68 and 73), to which defendant has responded[1] (docket nos. 70 and 75); defendant's Motion to Quash Third Party Subpoenas (docket no. 69), to which plaintiff has responded (docket no. 78); plaintiff's Motion for Leave to Exceed Page Limitation (docket no. 73); and plaintiff's Motion for Leave to File Exhibit N to Parrish's Reply Under Seal (docket no. 74). On February 21, 2017, counsel for plaintiff and defendant separately advised the Court that no further

---

[1]Defendant's response includes a motion to compel and for sanctions. (Docket no. 70). Plaintiff's reply, along with his response to defendant's motion to compel, is found as an attachment to docket no. 73. (Docket no. 73, exh. 1).

responses to these motions would be filed. Accordingly, plaintiff's Motion for Leave to Exceed Page Limitation (docket no. 73) and Motion for Leave to File Exhibit N to Parrish's Reply Under Seal (docket no. 74) are **GRANTED** as unopposed. **LOCAL COURT RULES CV-7(e)**. Further, upon consideration of the motions, responses and applicable law, plaintiff's Motion for Protective Order is **GRANTED** (docket no. 57); plaintiff's motion to compel is **GRANTED in part and DISMISSED as moot in part** (docket no. 68); defendant's Motion to Quash Plaintiff's Third Party Subpoenas in their entirety is **DENIED** (docket no. 69); and defendant's motion to compel and for sanctions is **DENIED as moot** (docket no. 70).

## Factual and Procedural Background

Plaintiff, William Parish, filed this collective action on May 5, 2016, seeking unpaid overtime wages and other damages from defendant, Premier, for himself and all others similarly situated. (Docket no. 1). On August 24, 2016, after the parties failed to submit joint scheduling recommendations pursuant to the Court's order to do so, the Court entered an Order on its own. (Docket no. 19). This Order provided, in part, that discovery would be completed by April 3, 2017, and that dispositive motions would be filed no later than April 24, 2017. (Id.).

On the same date the Court entered the Scheduling Order,
plaintiff filed a Motion to Certify Class. (Docket nos. 20 and
26). Defendant opposed certification, arguing that plaintiff
failed to sufficiently allege and/or show that: defendant had a
common policy or plan that resulted in the failure to pay
overtime wages; that the putative class members were similarly
situated; and that the putative class members were misclassified
as independent contractors rather than employees. (Docket no.
25). On October 14, 2016, the undersigned issued a Memorandum
and Recommendation recommending that the motion to certify the
class be granted with respect to the following class:
"Directional Drillers employed by, or working on behalf of,
Premier Directional Drilling, L.P. as independent contractors at
any time between three years prior to date of certification, and
the present." (Docket no. 28). The District Court subsequently
adopted this Recommendation. (Docket no. 30).

On January 4, 2017, plaintiff served his first set of
Requests for Production and defendant timely responded.
However, plaintiff was largely dissatisfied with defendant's
responses, and on Thursday, February 16, 2017, filed a motion
seeking to compel the production of documents. Parrish, who was
scheduled to give his deposition on February 21, 2017, sought to
compel production by February 20, 2017, or alternatively, to
have his deposition postponed until after defendant produced

responsive documents.  (Docket no. 68).  The motion was referred to the undersigned on Friday, February 17, 2017.  Because the undersigned was out of the office on Friday, and Monday, February 20, 2017, was a federal holiday, the parties were advised that the earliest the Court could consider the merits of plaintiff's motion would be Tuesday, February 21, 2017, the date Parrish's deposition was to be held.  As a result, the parties were advised that Parrish's deposition would be temporarily stayed.  Presently, the Court considers plaintiff's motion to compel, as well as several other pending discovery matters.

## STANDARD OF REVIEW

Rule 26(b) sets out the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED.R.CIV.P. 26(b)(1).  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.* Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement.  *Ferko v. Nat'l Ass'n for*

4

*Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D.Tex. 2003).

To prevail on a motion to compel or resist a motion for protective order, the party seeking discovery may well need to make its own showing of many or all of the proportionality factors set out in Rule 26(b)(1); however, a party resisting discovery still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address—insofar as that information is available to it—the factors enumerated in Rule 26(b)(1). *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 435 (N.D. Tex. 2016) (*citing* Fed.R.Civ.P. 26(b)(1); *see also Sec. & Exch. Comm'n v. Brady*, 238 F.R.D. 429, 435 (N.D.Tex. 2006)(the party resisting discovery bears the burden of establishing lack of relevance, specifically by demonstrating the requested discovery either does not come within the broad scope of relevance under Rule 26(b)(1) or is of such marginal relevance the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure). The rules of broad discovery available under Rule 26 also apply to document requests under Rule 34. *See Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan. 2003).

## Discussion

### I.   Plaintiff's Motion for Protective Order

Plaintiff moves for entry of a protective order, maintaining that Premier has refused to produce various documents on the grounds that no protective order exists. Plaintiff submits a standard protective order that has been approved for use in the Western District of Texas. **Local Court Rules, App. H.**  In its response, defendant states that it does not oppose entry of this Court's standard form protective order.[2] Accordingly, plaintiff's motion is **GRANTED** as unopposed. (Docket no. 57).   The Confidentiality and Protective Order attached to plaintiff's motion as exhibit A has been signed and entered.  (Docket no. 79).

### II.   Plaintiff's Motion to Compel

Plaintiff moves to compel production of the following: Parrish's personnel files and time records (RFP Nos. 33, 40, 41, 42, 55, 56, 57); FLSA-mandated documents (RFP No. 32); documents reflecting Premier's document retention policies (RFP No. 19); and communications to and from Parrish (RFP No. 18).[3] Additionally, plaintiff seeks to have Premier's general

---

[2]It is unclear why the Protective Order was not entered earlier and without Court intervention given defendant's "lack of opposition" and the fact that defendant agreed to produce documents within seven days following the entry of a "suitable confidentiality and protective order." ***See* Local Court Rules AT-4(f).**

[3]Plaintiff also seeks to compel responses to RFP Nos. 10, 11, 16, 23, 27, 37, 38, and 39, maintaining that defendant improperly objected to these requests based on the deliberative process privilege.

objections overruled; to have Premier produce a privilege log for all documents withheld on the basis of privilege; and to have Premier make a Rule 30(b)(6) witness available to testify regarding Premier's retention policies.   Finally, plaintiff argues that his deposition should be stayed until *after* the requested documents are produced given their relevance to the following issues: (1) whether Parrish and the Class Members are similarly-situated for purposes of summary judgment, decertification, and trial; (2) whether Parrish and the Class Members are employees of Premier under the economic realities test adopted by the Fifth Circuit; (3) the damages owed to Plaintiff and Class Members; and (4) whether Premier attempted to comply with the FLSA in good faith or willfully violated the FLSA.

Defendant vehemently objects to staying Parrish's deposition, maintaining that plaintiff cannot dictate the terms of discovery.   Defendant further maintains that it "had agreed to give Plaintiff everything he was requesting" but plaintiff still refused to be deposed.   As a result, defendant contends that sanctions should be imposed against the plaintiff pursuant to **FED.R.CIV.P. 30(d)**.   At issue here are two distinct discovery disputes: 1) whether defendant should be compelled to produce documents responsive to plaintiff's requests; and 2) whether plaintiff should be compelled to give his testimony

notwithstanding defendant's failure, if any, to produce documents.

**1. Defendant's Responses to Plaintiff's RFP**

**A.  General Objections**

In response to plaintiff's RFP, defendant initially set out the following "general objections":[4]

Respondent Premier makes the following general objections, whether or not separately set forth in response to each and every one of the Requests set forth below.

1. Premier objects to the Requests to the extent they seek information protected against disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, or any other applicable privilege or protection.

2. Premier objects to the Requests to the extent that they seek documentation that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

3. Premier objects to the Requests to the extent they seek documents, or would impose a burden in responding, that is not proportional to the needs of this case.

4. Premier objects to the Requests to the extent they seek to impose requirements and discovery obligations in excess of those imposed by law, or agreed to by the parties.

5. Premier objects to these Requests to the extent they are premature and seek information or documentation based on facts or assumptions that have not been established.

---

[4]Although defendant does not assert general objections in its supplemental responses, the Court nevertheless addresses the validity of these objections for clarity since the responses are supplemental rather than amended, and because the supplemental responses were not served until after plaintiff filed his motion to compel. *See* FED.R.CIV.P. 37(a)(3)(B) and (5)(a).

6.  Premier objects to the Requests to the extent they call for trade secrets, commercially sensitive materials, or other privileged, confidential, proprietary or financial information, the release of which is likely to be injurious to Premier. Such information will be produced only subject to the entry of an appropriate protective order.

7.  Premier objects to the Requests insofar as they seek information that is already in Plaintiff's possession or that is readily available from another source which is equally available to Plaintiff.

8.  As Premier has not completed its investigation, discovery, and preparation for hearing in this matter, Premier reserves the right to produce at any subsequent time, including at the time of hearing, additional information or documents which may be discovered subsequent to the service of these responses. These responses are based upon such information and documents as are presently available to and specifically known to Premier.

9.  Premier does not concede the relevance or admissibility of any document produced in response to these Requests.

10. Premier objects to Plaintiff's Definitions to the extent they impose burdens in addition to those required by the Federal Rules of Civil Procedure and to the extent they result in one or more of the Requests seeking information that is outside the permissible scope of discovery, disproportional to the needs of the case, are vague, overly broad, unduly burdensome, and are not reasonably calculated to lead to the discovery of admissible evidence.

11. The identification of a document by Premier is not a representation that such document is in Premier's possession, custody, or control, nor are any responses to these Requests admissions that such responses are relevant to, or admissible in, the above-captioned action.

12. No incidental or implied admissions are intended by Premier's objections or responses to these Requests. Subject to the above-stated general objections, which are hereby incorporated in Premier's specific responses

> to each of Plaintiff's Requests as if set forth fully
> therein, Premier states the following specific
> objections and responses.

(Docket no. 68, exhibit 1).

Rule 34(b)(2)(B) provides that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." **FED.R.CIV.P. 34(b)(2)(B)**; *see also* FRCP 34- 2015 **Notes of Advisory Committee** (providing that Rule 34(b)(2)(B) was amended to require that objections be stated with specificity). Defendant's general objections are not grouped by item or category and do not state with specificity the grounds for the objection, along with the reasons. Accordingly, defendant's general objections shall be **OVERRULED**.

## B. Specific Objections

In addition to its "general objections," defendant raised various "specific objections" as to each item. However, defendant's objections here also fail to state the reasons for the objections. Moreover, as the party resisting discovery, defendant must show that the discovery fails the proportionality calculation required by Rule 26(b). *Areizaga*, 314 F.R.D. at 435 (*citing* **FED.R.CIV.P. 26(b)(1)**); *see also Brady*, 238 F.R.D. at 435 (the party resisting discovery bears the burden of establishing lack of relevance, specifically by demonstrating the requested

discovery either does not come within the broad scope of relevance under Rule 26(b)(1) or is of such marginal relevance the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure). Rather than address the proportionality considerations set out in Rule 26, defendant, for the most part, argues that it has no responsive documents in its possession because Parrish was an independent contractor rather than an employee, and defendant is only required to maintain documents for its employees.

Defendant's arguments are unavailing. At issue here is whether Parrish was an employee for purposes of the FLSA or an independent contractor not covered by the Act. Plaintiff alleges he was a directional driller that Premier misclassified as an independent contractor to avoid paying him overtime and that are other directional drillers similarly situated. (Docket no. 1). Defendant argues that plaintiff was not an employee and cannot show that other directional drillers classified as independent contractors were similarly-situated. (Docket nos. 15 and 25). Consequently, information pertaining to Parrish and the position of directional driller, regardless of how the position is classified, is relevant to the parties' claims and/or defenses. **FED.R.CIV.P. 26(b).**

Also unavailing is defendant's argument that it need not produce documents that are not in its actual possession.

Premier asserts that "in an effort to go above and beyond the call of duty," it "reached out to a third-party, Inpetro Energy, Inc." and obtained responsive documents.  In actuality, this is precisely the "call of duty" imposed by Rule 34.  ***See* FED.R.CIV.P.  34(a)(1)**(providing that a party may request documents in the responding party's *possession, custody and control*)(emphasis added); ***see also Alex v. KHG of San Antonio, L.L.C.***, No. SA-13-CA-728-OLG, 2014 WL 12489735, at *9 (W.D.Tex. August 6, 2014)(noting that courts have held that documents are deemed to be within a party's possession, custody or control if the party has actual possession, custody or control or "the legal right to obtain the documents on demand")(internal citation omitted).  Thus to the extent Premier did not produce requested documents because they were not in defendant's actual possession but that defendant has a legal right to obtain from a third party, it must obtain them within ten (10) days from the date of this Order and produce them to plaintiff within fifteen (15) days from the date of this Order.

### C.  Personnel Files

In response to plaintiff's request for personnel files, including job descriptions, job duties, employee handbooks, training manuals, policies, and procedures, defendant maintained there are no personnel or employee files because it did not "employ" Parrish who Premier maintains was an "independent

contractor."  For reasons previously stated, information pertaining to directional drillers, regardless of their classification, is relevant to the parties' claims and/or defenses.  **FED.R.CIV.P. 26(b)(1).**  Further, the information sought is proportional to the needs of this case given the importance of this issue to the outcome of this case, the amount in controversy, the defendant's access to this information, the parties' resources, the importance of this discovery in resolving the issues, and the likelihood that the burden or expense of the proposed discovery is not outweighed by its likely benefit.  *Id.*

Accordingly, plaintiff's motion to compel this information is **GRANTED**.  Within fifteen (15) days from the date of this Order, information pertaining to Parrish and directional drillers in general, regardless of their classification, must be produced, including all documents and records pertaining to, to wit: job descriptions, job duties, handbooks, training manuals, policies and procedures.

### D. Time Records and Withholding Statements

Defendant also contends that although it did not "maintain" time records for its independent contractors, "[i]n an effort to eliminate discovery disputes and needless motions . . . Premier reached out to Inpetro and obtained time records."  Premier goes on to state that "[b]ecause Inpetro could not produce them fast

enough, Premier searched its own records for copies and located them."   Defendant also maintains that it has not withheld withholding statements.

Pursuant to Rule 34, Premier was obligated to produce records in its possession, custody or control regardless of whether it "maintained" them or not.   Here, the documents were clearly in Premier's possession and control and its dilatory tactics in delaying the production of these documents demonstrate a flagrant disregard for the Federal Rules of Civil Procedure and the Local Court Rules.   Further, although defendant maintains that it has not withheld withholding statements, it must produce withholding statements in its possession, custody or control.

Accordingly, plaintiff's motion to compel this information is **GRANTED**.   To the extent defendant has time records and withholding statements pertaining to Parrish in its possession, custody or control, it must produce them within fifteen (15) days from the date of this Order.

### E. FLSA-mandated documents

Defendant also refused to produce FLSA-required documents, stating that "[t]he pivotal fact that Plaintiff overlooks is that Plaintiff was not an employee."   Defendant argues that because plaintiff was not an employee, defendant need not produce FLSA-required documents since the FLSA pertains only to

employees.   What defendant "overlooks" is that the central dispute in this case is whether directional drillers were misclassified as independent contractors rather than employees for purposes of the FLSA.   Consequently, FLSA-mandated documents pertaining to directional drillers, regardless of their classification, is relevant to the parties' claims and/or defenses.   **FED.R.CIV.P. 26(b)(1).**   Additionally, the Court finds the requested information is proportional to the needs of this case in light of the importance of this issue to the outcome of this case, the amount in controversy, the defendant's access to this information, the parties' resources, the importance of this discovery in resolving the issues, and the likelihood that the burden or expense of the proposed discovery is not outweighed by its likely benefit.   *Id.*

Accordingly, plaintiff's motion to compel this information is **GRANTED.**   To the extent defendant has FLSA mandated documents pertaining to directional drillers, regardless of their classification, in its possession, custody or control, it must produce them within fifteen (15) days from the date of this Order.

## F.  Communications to and from Parrish

Defendant responds that it has agreed to produce email communications to, from and concerning plaintiff.  To the extent it has not yet done so or did so after plaintiff filed his

motion    to    compel,    defendant's    responses    are    untimely.
**FED.R.CIV.P. 37(a)(5)(A)**.

Accordingly, plaintiff's motion to compel this information
is **GRANTED**.    To the extent defendant has not produced email
communications to, from and concerning plaintiff, it must do so
within fifteen (15) days from the date of this Order.

### G.  Documents reflecting Premier's document retention policies

Request   for   Production   No.   19   seeks   "[t]he   DOCUMENTS
reflecting YOUR retention policy for DOCUMENTS (physical,
electronic, or otherwise) during the RELEVANT TIME PERIOD."
Defendant initially objected as follows:

> In addition to the foregoing objections, which are
> incorporated by reference as if set forth fully herein,
> Premier objects to this Request on the grounds it is overly
> broad, unduly burdensome, and seeks documentation which is
> neither relevant nor reasonably likely to lead to the
> discovery of admissible evidence.

(Docket no. 68, exh. 1, pg. 12).   In its Second Supplemental
Responses and Objections, defendant objected as follows:

> Premier objects to this Request on the grounds it is overly
> broad, unduly burdensome, and seeks documentation which is
> neither relevant nor reasonably likely to lead to the
> discovery of admissible evidence. Subject to and without
> waiving the foregoing objections, which are incorporated by
> reference as if set forth fully herein, Premier states that
> it has no documents responsive to this Request.   Further,
> Premier states it has not withheld any documents responsive
> to this Request.

(Docket no. 75, exh. 1, pg. 4).   In its response to plaintiff's
motion to compel, defendant further states that information

regarding its retention policies may be obtained from its Rule 30(b)(6) representative.  (Docket no. 70, pg. 5).

Although it seems highly implausible that a company would not have documents reflecting its retention policy, the Court must take defendant at its word.  Defendant is encouraged, however, to make every effort to obtain responsive documents "reasonably available to the organization" and produce them, if any, in accordance with this Order.  **Fed.R.Civ.P. 30(b)(6)** (providing that a witness designated pursuant to Rule 30(b)(6) "must testify about information known or reasonably available to the organization").

## H.  Privilege Log

Plaintiff also contends that defendant should be required to produce a privilege log identifying documents withheld on the basis of privilege.  Although in its response to plaintiff's motion, filed on February 17, 2017, defendant stated that "Premier has not withheld any documents on the basis of privilege," its initial responses indicated otherwise.  (Docket no. 70, pg. 5).  For example, Request No. 23 sought "[t]he transcripts, minutes, written reports, audio or video recordings, or any other DOCUMENTS generated in connection with any meeting of YOUR officers or employees related to the classification, job duties, and/or payment practices and

policies of PLAINTIFFS and CLASS MEMBERS." Premier's initial response to Request No. 23 was as follows:

> In addition to the foregoing Objections, which are incorporated by reference as if set forth fully herein, Premier objects to this Request as vague and ambiguous with respect to its use of the term "classification." Premier further objects to this Request on the grounds it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *Premier objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege, the attorney work product doctrine,* and/or the deliberative process privilege. Moreover, Premier objects to this Request on the grounds it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, *Premier has conducted a reasonable search and has not identified any relevant, non-privileged documents responsive to this Request.*

(Docket no. 68, exh. 1, pg. 14).

On February 21, 2017, still maintaining that plaintiff had no valid basis for filing its motion to compel, defendant filed its Second Supplemental Responses and Objections to Plaintiff's First Requests for Production. (Docket no. 75). In addition to omitting its general objections, the supplemental responses and objections were more forthright in stating whether documents were being withheld. For example, defendant's supplemental response to Request No. 23 was as follows:

> Premier objects to this Request on the grounds it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Premier objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege (i.e., communications between counsel and Premier), or the attorney work product doctrine. Subject to and without

18

waiving the foregoing objections, Premier has conducted a
reasonable search and has not identified any documents
responsive to this Request. Further, Premier states it has
not withheld any documents responsive to this Request.

(Docket no. 75).

The responses were signed by co-counsel for defendant who,
in stating he conducted a reasonable search and had not
identified "any relevant, non-privileged documents," implied
that privileged documents were identified and withheld,
particularly since both the attorney client and work product
protection were asserted. *See* **FED.R.CIV.P. 11(b)** (in presenting a
pleading, written motion, or other paper, an attorney certifies
that to the best of his knowledge, information and belief,
formed after an inquiry reasonable under the circumstances: "it
is not being presented for any improper purposes, such as to . .
. cause unnecessary delay, or needlessly increase the cost of
litigation"); *see also* **FED.R.CIV.P. 37(a)(4)** (providing that "an
evasive or incomplete disclosure, answer, or response must be
treated as a failure to disclosure, answer, or respond). While
the Court must now take defendant at its word that it has not
retained documents on the basis of privilege and therefore, no
privilege log is required, the Court finds defendant's initial
responses were incomplete and/or evasive.

Should information be withheld on the basis of attorney
client privilege or work production protection, the claim *must*

*be expressly made* and further, a privilege log must be produced *at the time the claim is made* "describe[ing] the nature of the documents, communications, or tangible things not produced or disclosed—and . . . in a manner that, without revealing information itself privileged or protected, [enables] other parties to assess the claim." **FED.R.CIV.P. 26(b)(5)(A)**. In light of counsel's representation, counsel is directed to either prepare and produce a privilege log or certify that no documents have been withheld based upon any privilege. Failure to do so will result in waiver of the privilege and/or protection.

**2. Staying Parrish's Deposition**

While the Court finds that plaintiff is entitled to much of the information requested and that defendant was required to produce all documents responsive to these requests in defendant's possession, custody or control, defendant's failure to timely produce and supplement responsive documents does not warrant staying plaintiff's deposition. Rule 26(d)(3) provides that unless the Court orders otherwise or the parties agree, "methods of discovery may be used in any sequence"; and "discovery by one party does not require any other party to delay its discovery." **FED.R.CIV.P. 26(d)(3)**.

Essentially, two wrongs do not make a right and plaintiff's attempts to withhold his deposition testimony based on defendant's failure to produce discovery also subverted the

discovery process in this case.  Plaintiff's remedy was to move to compel the production of discovery responses, not to withhold his deposition testimony.  While it was the Court's decision to temporarily stay Parrish's deposition until the Court could address the merits of Parrish's motion, the Court had no choice but to do so given that the motion was referred to the undersigned the day before a federal holiday and on the eve of Parrish's deposition.  Notably, both sides have requested that this Court sanction the opposing party for their actions in impeding the discovery process.  In light of the sanctionable conduct displayed by both sides, the Court declines to do so. *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 36 (2d Cir. 1992)(providing that sanctions should not be imposed when both sides are equally guilty).  For the foregoing reasons, plaintiff's motion to compel the production of documents is **GRANTED** and plaintiff's motion to stay his deposition is **DISMISSED as moot.**

> **IT IS THEREFORE ORDERED** that:
>
> (a)  Premier's "general objections" to the requests for production are all overruled;
>
> (b)  In accordance with this Order, within fifteen (15) days from the date of this Order, Premier shall provide full responses to requests for production 10, 11, 16, 23, 27, 37, 38 and 39;
>
> (c)  Further, within fifteen (15) days from the date of this Order, Premier shall produce all documents in its possession, custody or control regarding Parrish's

21

personnel files, as well as job descriptions, duties, employer handbooks, training manuals, policies and procedures for directional drillers, regardless of whether the position is classified as that of an employee or an independent contractor (RFP Nos. 33, 41, 42, 55, 56 and 57); documents pertaining to directional drillers, regardless of their classification, that are maintained by Premier to meet FLSA record keeping requirements (RPF No. 32); records of all hours worked by Parrish (RFP No. 40); documents reflecting Premier's retention policies, if any, and the search terms used to search electronically stored information (RFP No. 19); emails sent to, from and pertaining to Parrish (RFP No. 18); and Parrish's withholding statements;

(d)     For any document withheld on a specific claim of privilege, Premier shall, upon making the claim of privilege, immediately provide a log of documents withheld on the basis of privilege (indicating the Bates number of the document, the privilege asserted, the author or source, recipient, persons receiving copies, date, document title, document type, number of pages, and any other relevant information that will assist the parties in assessing the claim without revealing information itself privileged or protected). Counsel is directed to either prepare and produce a privilege log or certify that no documents have been withheld based upon any privilege;

(e)     Within twenty-one days (21) from the date of this Order, Premier shall make available, at a mutually agreed upon date and time, a Rule 30(b)(6) witness to testify regarding Premier's physical and electronic document retention policies and search for responsive discovery; and

(f)     Within twenty-one days (21) from the date of this Order, plaintiff shall make William Parrish available to testify at a mutually agreed upon date and time.

To the extent Premier has relied on its general objections which have been stricken, or its belief that it need not produce documents pertaining to directional drillers because of their

22

classification and/or documents that are not in its actual possession but are otherwise in its custody or control, Premier must supplement its responses with fifteen (15) days from the date of this Order.

### III. Defendant's Motion to Quash Third Party Subpoenas

Defendant moves to quash in their entirety plaintiff's subpoenas to non-parties Anadarko Petroleum Corporation ("Anadarko"), BlackBrush Oil & Gas, L.P. ("BlackBrush"), Directional Personnel, LLC ("Directional Personnel"), Inpetro Energy (ISA), Inc. ("Inpetro"), New Tech Global Staffing, LLC ("New Tech"), and Newfield Exploration Company ("Newfield"). Defendant maintains the subpoenas are overbroad and seek "every document submitted by, or related to, every Premier worker (regardless of whether that worker is in any way similar to the Plaintiffs or has any personal knowledge about the Plaintiffs) that was provided by, or has performed services for, each Subpoena Recipient at any point over the last ten-and-a-half years, as well as every document related to or reflecting the Subpoena Recipient's relationship with, correspondence to, payments to, evaluation of, and information about Premier and all of its workers." Defendant seeks attorneys' fees and costs related to this motion, maintaining that although they conferred with opposing counsel in a good faith attempt to resolve their

23

dispute, the plaintiff had already served the subpoenas on the third parties.

There is no question that the subpoenas are overbroad in time and scope. In fact, plaintiff agreed to limit the time of the subpoenas to January 1, 2012 to the present, and the scope to directional drilling workers. (Docket no. 69, exh. G). Defense counsel appeared to agree to limit the subpoenas in this manner, stated in an email that "[i]n light of your agreement to limit the subpoenas, please confirm that you will withdraw each subpoena served today, as they no longer accurately reflect your agreement as to which documents you will request." (Id.). However, when counsel for plaintiff responded that withdrawal was not necessary and that he could send a letter or an amended definitions page clarifying the narrowed scope of the requests, defendant filed the instant motion to quash and/or for protection.

Given that the Court has conditionally certified a class of "Directional Drillers employed by, or working on behalf of, Premier Directional Drilling, L.P. as independent contractors at any time between three years prior to date of certification, and the present," the Court finds the narrowed scope of the requests agreed upon by the parties to be reasonable. Accordingly, defendant's motion to quash the subpoenas in their entirety is **DENIED**. The subpoenas to the third parties are modified to

require the production of documents created on or after January 1, 2012 to the present, and pertaining to directional drilling workers.

In ruling on defendant's motion to quash, the Court declines to address arguments by both sides relating to accusations that the opposing party is engaging in efforts to circumvent the discovery process. Many of these same arguments have previously been raised and each party appears to be casting stones from his/its respective glass house. The parties are advised to work with one another in managing the remainder of discovery and this litigation in a professional and timely manner. The parties are instructed that cooperation and compliance are far greater advocacy tools in reaching this goal than are artful stratagem and automatic opposition. This Court will not tolerate any efforts to stall or complicate discovery. Any action perceived by this Court to be unreasonable opposition to discovery efforts will be grounds for sanction.

## IV. Defendant's Motion to Compel

In response to plaintiff's motion to compel the production of documents and alternatively, to stay his deposition, defendant filed a motion to compel plaintiff's deposition and for sanctions. (Docket no. 70). Defendant's motion does not include a certification as required by both the Federal Rules of Procedure and Local Court Rules. **FED.R.CIV.P. 37(a)(1); LOCAL**

COURT RULES CV-7(i).   Further, defendant's motion raises the same issues addressed by this Court pursuant in response to plaintiff's motion to compel.   Accordingly, defendant's motion to compel is **DENIED as moot.**

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Protective Order is **GRANTED** as unopposed (docket no. 57); plaintiff's motion to compel is **GRANTED in part and DISMISSED as moot in part** (docket no. 68); defendant's motion to quash the third party subpoenas in their entirety is **DENIED** (docket no. 69); defendant's motion to compel and for sanctions is **DENIED as moot** (docket no. 70); and plaintiff's Motion for Leave to Exceed Page Limitation (docket no. 73) and Motion for Leave to File Exhibit N to Parrish's Reply Under Seal (docket no. 74) are **GRANTED** as unopposed.

The majority of these motions could and should have been resolved by the parties without Court intervention.   Henceforth, the Court will strictly adhere to the requirement that the parties confer in a *good faith effort* to resolve any disputes. FED.R.CIV.P. 26(c); FED.R.CIV.P. 37(a)(1); LOCAL COURT RULES CV-7(i). Should further court intervention be deemed necessary, the parties will be required to not only advise the Court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by

agreement, but they must also provide evidence of their good-faith attempts to resolve the matter. Additionally, the parties must certify the specific reason that no agreement could be made.

It is so **ORDERED**.

**SIGNED** March 1, 2017.

_____
**JOHN W. PRIMOMO**
**UNITED STATES MAGISTRATE JUDGE**