**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| WILLIAM PARRISH, JOHNNY DAVIS JR., JOSHUA D. ELLESTAD, MARIO ALFARO, THOMAS J. BECKETT, MATTHEW S. ROBBINS, JASON SHEPHERD, MICHAEL GARDNER, and GYULA TOPPANTO, | * * * * * * | CIVIL NO. SA-16-CA-00417-DAE |
| Plaintiffs, | * | |
| v. | * | |
| PREMIER DIRECTIONAL DRILLING, L.P., | * * | |
| Defendant. | * | |

**O R D E R**

Before the Court is defendant's emergency motion to compel production of documents (docket nos. 83 and 88), to which plaintiff has responded (docket nos. 87 and 89); and defendant's motion to quash and/or motion for protection from plaintiffs' third party subpoenas (docket nos. 86 and 96), to which plaintiff has also responded (docket nos. 91-93). On May 3, 2017, the undersigned held a hearing and all parties were present. Upon consideration of motions, responses, and argument of counsel, the Court finds that both motions should be **GRANTED** (docket nos. 83 and 86).

**Background**

Plaintiff, William Parish, filed this collective action on May 5, 2016, seeking unpaid overtime wages and other damages from defendant, Premier, for himself and all others similarly

situated.  (Docket no. 1).  On October 14, 2016, the undersigned issued a Memorandum and Recommendation recommending that the motion to certify the class be granted with respect to the following class: "Directional Drillers employed by, or working on behalf of, Premier Directional Drilling, L.P. as independent contractors at any time between three years prior to date of certification, and the present."  (Docket no. 28).  The District Court subsequently adopted this Recommendation.  (Docket no. 30).

Pursuant to the initial scheduling order, discovery was to be completed by April 3, 2017.  (Docket no. 19).  On April 3, 2017, the parties filed a joint motion to extend the scheduling order deadlines.  (Docket no. 81).  The motion was granted and the deadline for concluding discovery was extended until May 19, 2017.  (Docket no. 82).  Presently, the Court considers defendant's motions to compel and to quash.  (Docket nos. 82 and 83).

## Discussion

### I.   Defendant's Motion to Compel

Defendant noticed the depositions of several plaintiffs for April 10th, 11th and 12th of 2017.  On February 10, 2017, defendant served these plaintiffs with its First Request for Production of Documents, seeking, among other things, plaintiffs' tax returns related to the revenues plaintiffs

received from Premier.  (Docket no. 83, exh. C-I).  Sometime after March 15, 2017, plaintiffs served their objections and responses, stating, for the most part, that they were not withholding documents.[1]  (Id., exh. K-Q).  Defendant advised plaintiff that its responses were untimely and further, that they were deficient insofar as plaintiffs failed to produce, among other items, plaintiffs' tax returns as well as documents pertaining to earnings and expenses.  (Id., exh. S).  Defense counsel requested that plaintiffs supplement their responses by April 5, 2017, and advised opposing counsel that defendant would file a motion to compel the documents if they were not received by this date.  (Id.).

On April 5, 2017, when the documents still had not been produced, defense counsel emailed opposing counsel and inquired "[w]hen will we get [plaintiffs'] tax returns?"  (Id., exh. T).  Counsel for plaintiff responded: "[w]hen we get Premier's."  (Id.).  Further, on April 7, 2017, counsel for plaintiff emailed opposing counsel and stated, "[w]e're presenting our clients once.  Let me know when you would like to depose them, now or wait until Premier produces its tax returns."  (Id., exh. U).

---

[1]Plaintiff's Certificate of Service states that the response was served on March 15, 2017; however, in a letter, dated March 30, 2017, counsel for defendant advised counsel for plaintiff that although defendant served its request for product on February 10, 2017, plaintiffs did not respond until March 21, 2017.  (Id., exh. S).

This is not the first time plaintiff's counsel has thwarted the discovery process.  In a recent Order, dated March 1, 2017, counsel was directed to Federal Rule of Civil Procedure 26(d)(3), which provides that unless the Court orders otherwise or the parties agree, "methods of discovery may be used in any sequence"; and "discovery by one party does not require any other party to delay its discovery." **FED.R.CIV.P. 26(d)(3).** Nevertheless, counsel for plaintiff has continued to engage in delaying tactics as a means of coercing the production of documents.  A party's recourse when discovery is not produced is to file a motion to compel; a party cannot withhold discovery for any reason as doing so subverts the discovery process and undermines the Court's authority.

Based on counsel's statements indicating plaintiffs' records would be produced when defendant's records were received, it appears documents were intentionally withheld. Moreover, a number of these documents were produced after this motion to compel was filed. **FED.R.CIV.P. 37(a)(5)(A).** Accordingly, defendant's motion to compel has merit and is **GRANTED.** Rule 37 provides that if the motion is granted or disclosure is made after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

reasonable expenses incurred in making the motion." **FED.R.CIV.P. 37(a)(5)(A).** During the hearing, counsel for plaintiff admitted he told defense counsel that he would produce tax records when he received defendant's tax records. Accordingly, the Court finds that counsel for plaintiff will be required to pay defendant's reasonable expenses incurred in making this motion, including attorneys' fees of $2,000 and costs of $769.39. *See* docket no. 99.

## II.  Defendant's Motion to Quash

Defendant also moves to quash subpoenas plaintiff served on seven third parties, including Premier's accountants. These subpoenas seek tax records, financial statements, and documents related to equipment not sued by plaintiffs. (Docket no. 86, exhs. C-I). Plaintiff maintains this information is relevant to the issue of whether plaintiffs are employees or independent contractors. During the hearing, the parties agreed that the records sought from the third parties pursuant to Rule 45 were the very same records plaintiff is presently seeking from the defendant pursuant to Rule 34.

While Rule 45 permits a party to obtain documents from a third party, it also provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." **FED.R.CIV.P. 37(d)(1).**

5

Moreover, even assuming the records are relevant, which the defendant disputes, discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." **FED.R.CIV.P. 26(b)(1).**

Here, the subpoenas at issue not only request the same information as discovery requests propounded to the defendant, they also appear to be overbroad in time and scope. Further, during the hearing, the parties acknowledged that defendant's responses were not due until May 4, 2017. Rather than subject the third parties to the burden of responding to these subpoenas, the Court believes the parties should first attempt to resolve their dispute regarding plaintiff's request for production to the defendant; accordingly, defendant's motion to quash should be **GRANTED.**

During the hearing, plaintiff agreed to extend defendant's deadline to respond from May 4, 2017 to May 11, 2017, in order to afford defendant an opportunity to review its responses and ascertain whether additional information pertaining to the defendant's overall investment in the business could be produced without a Court order. The parties are strongly urged to confer

in a good faith attempt to resolve their differences regarding discovery disputes, including plaintiff's request for production and defendant's responses. The discovery deadline is fast approaching and further extensions will not be entertained unless both parties demonstrate they are making a good faith effort to resolve discovery disputes and exchange relevant information.

## Conclusion

For the foregoing reasons, both defendant's motion to compel and defendant's motion to quash are **GRANTED**. (Docket nos. 83 and 86). As directed at the hearing, the motion to compel must be complied with by May 5, 2017. The attorney's fees and costs must be paid by May 15, 2017.

It is so **ORDERED**.

**SIGNED** May 8, 2017.

_____

**JOHN W. PRIMOMO**
**UNITED STATES MAGISTRATE JUDGE**

7