UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WILLIAM PARRISH, Individually and On Behalf of Others Similarly Situated,<br><br>v.<br><br>PREMIER DIRECTIONAL DRILLING, L.P. | Case No.: 5:16-cv-00417-DAE<br>Collective Action<br><br>Judge David A. Ezra<br><br>Magistrate John W. Primomo |

PLAINTIFFS' MOTION TO ESTABLISH GUIDELINES
FOR COMPLETING MICHAEL KENNEDY'S DEPOSITION

**1.    Summary.**

Premier's president Michael Kennedy was ordered to appear for his deposition (ECF No. 135), but Premier's counsel suspended the deposition prior to its completion. *See* Exhibit 1 (Kennedy Deposition) at 284:18-285:9.[1] While Premier says it will give Plaintiffs 1 hour to complete the deposition, Plaintiffs request limits be placed on defense counsel's and Mr. Kennedy's conduct before the deposition resumes. Further, Plaintiffs should have 3 hours to complete the deposition.

**2.    Argument.**

Depositions are supposed to "proceed as they would at trial." *See* FRCP 30(c)(1). That did not happen in Mr. Kennedy's deposition. Instead, Premier's counsel:

(1) repeatedly instructed Mr. Kennedy not to answer basic questions (such as questions about his background and criminal history) on improper grounds. *See, e.g.,* Exhibit 1 at 10:1-14 ("MS. IDALSKI: Asked and answered. Don't – don't respond – don't respond Michael [Kennedy]. Asked and answered." & "MS. IDALSKI: Don't answer that question. That's – that's completely irrelevant.");

(2) coached Mr. Kennedy's responses to questions. *See, e.g.,* Exhibit 1 at 228:8-10 (MS. IDALSKI: … "And if you don't know what he's asking, you can tell him you don't know what he's asking. [Mr. Kennedy's] A. I don't know what you're asking."); and

---

[1] Per Premier's designation and the protective order, Exhibit 1 is filed under seal. ECF No. 142.

(3) impeded questioning on relevant topics. *See, e.g.,* 235:13-236:25 (interrupting the witness's testimony to ask him if he knew what the question was, suggesting he might need a break, and then calling a break to the deposition).

Indeed, a review of the word index from the deposition reflects the fact defense counsel consistently interjected commentary, objections, and/or instructions not answer throughout the deposition.

"During depositions, counsel 'may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).'" *Amin-Akbari v. City of Austin, Tex.*, No. A-13-CV-472-DAE, 2014 WL 4657491, at *1 (W.D. Tex. Sept. 16, 2014) (quoting Fed. R. Civ. P. 30(c)(2)). "Directions to a deponent not to answer a question can be even more disrupting than objections." *Bordelon Marine, Inc. v. F/V KENNY BOY*, No. 09-6221, 2011 WL 164636, at *5 (E.D. La. Jan. 19, 2011) (quoting the Advisory Committee's Note).

Nonetheless, Premier's counsel repeatedly instructed Mr. Kennedy not to answer questions. *See, e.g.,* Exhibit 1 at p. 7-8 (witness instructed not to provide address and phone number), 9 (same), 11-12 (witness instructed not to answer questions about his criminal history), 84-85 (witness instructed not to answer whether "Premier Direction Drilling is a directional drilling company"), 109 (witness instructed not to answer "Have you ever seen that document?"),[2] 124 ("Don't answer that because it

---

[2] Of course, "'What documents did you review in preparation for this deposition' … is a textbook deposition question." *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 314 F.R.D. 397, 408 (E.D. La. 2016); *Nutramax Labs., Inc. v. Twin Labs. Inc.*, 183 F.R.D. 458, 461 (D.Md.1998) ("During a deposition [in a case involving substantial document production], counsel questioning a witness will seldom fail to ask the witness about what he or she did to prepare for the deposition, and the identity of any documents reviewed for this purpose.").

does not --- not make sense. Let him reask you a question that makes sense."), 162 (instructed not to answer based on relevance), 229 ("don't answer that because it's argumentative and it misstates testimony"), 241 ("Asked and you've already answered it. Don't answer it again."); 253 ("Don't answer that. That's not a question."), 254 ("It's not a question. Don't answer it."), and 273 (claiming that asking whether the witness knew his company had a "directional drilling handbook" was a "trick" question and instructing him not to answer).

The Court denied Premier's motion for protective order with respect to Mr. Kennedy's deposition. *See* ECF No. 135. "Having failed to procure a court order imposing subject matter limits on their depositions, they imposed their own limits. They repeatedly refused to answer questions they unilaterally deemed to be irrelevant." *Van Stelton v. Van Stelton*, No. C11-4045-MWB, 2013 WL 5574566, at *17 (N.D. Iowa Oct. 9, 2013). This is improper. Mr. Kennedy's criminal history, home address, phone number, experience with independent contractor classification, knowledge of Premier's policies, decision to reclassify certain contractors as employees (but not others), etc., are not privileged topics, and this information is discoverable. "And since the time of the deposition, his counsel has not filed a motion under Rule 30(d)(3)." *Amin-Akbari*, No. A-13-CV-472-DAE, 2014 WL 4657491, at *1.[3] "Under the plain language of the rule, [Premier's] counsel was not permitted to instruct [Mr. Kennedy] not to answer" these questions. *Id.*

Therefore, Plaintiffs request the Court direct counsel that: (1) objections are limited to "objection to form"; (2) instructions not to answer are limited to issues of privilege; and, subject to the foregoing, (3) no instructions or coaching can be given during the deposition (whether in the form

---

[3] Nor did it intend to, as Premier has stated it will permit Plaintiffs to complete the deposition (though, without limits from the Court, it will continue to be a cumbersome and difficult process).

of accusations of "trick questions," stating the witness can answer "if he knows," directing the witness not to "guess," etc.).

Similarly, Mr. Kennedy repeatedly refused to answer straight forward questions in a straight forward manner. *See, e.g.,* Exhibit 1 at 195:21-198:14 (spending several pages to get an answer to the question: "So does the DD supervise the MWD on the job site?"), 198:16-203:11 (similar experience in getting a response to the question: "Is there anyone on location that the DD supervises?"), and 204:14-209:23 (attempting to get Mr. Kennedy to answer whether this is "any position that Premier DDs supervise?"). He attempted to instruct counsel on the "correct" way to ask questions. *Id.* at 159:12-16 ("I was waiting for you to word the question correctly where it didn't have the component of the MWD in there. So if you'll ask the question the correct way. But you keep asking the same way. Is it that you don't understand?"). In short, Mr. Kennedy refused "to answer questions with yes or no but instead gave rambling, irrelevant answers, spoke over the examining lawyer, interjected improper objections and refused to answer certain questions." *Begolli v. Home Depot*, No. 11-CV-380-BBC, 2013 WL 5745105, at *2 (W.D. Wis. Oct. 23, 2013). This conduct is improper.[4]

Mr. Kennedy should be directed to answer direct questions in a direct manner, rather than intentionally delaying the progress of the deposition. "To be specific, [Mr. Kennedy should be required to] give Yes or No answers <u>whenever</u> the question can be answered in one word." *Begolli*, 2013 WL 5745105, at *5 (emphasis added). Further, for "reasons that should be obvious, a represented deponent may not interpose his … own objections and decide which questions to answer." *Van Stelton v. Van*

---

[4] To be fair, some of Mr. Kennedy's conduct simply parroted defense counsel's. *See, e.g.,* Exhibit 1 at 184:8-12 (Defense Counsel: "So Michael, just tell him that you're--you're not going to give him any further response on that question. A. I'm not going to give you any further response on that question, Rex.") & 228:8-10 (MS. IDALSKI: … "And if you don't know what he's asking, you can tell him you don't know what he's asking. [Mr. Kennedy] A. I don't know what you're asking."). Further, Mr. Kennedy was instructed not to answer questions so many times that he stated he should have the refusal to answer "down by now." *Id.* at 242:5-10; 275:3-24.

*Stelton*, No. C11-4045-MWB, 2013 WL 5574566, at *18 (N.D. Iowa Oct. 9, 2013) (citing *GMAC Bank v. HTFC Corp.,* 248 F.R.D. 182, 191 (E.D.Pa.2008)). Therefore, Mr. Kennedy should be instructed that he cannot raise his own "objections" nor decide what questions he "didn't want to answer[.]" *See, e.g.,* Exhibit 1 at 8:25 & 159:12-159:16.

Because the interruptions from counsel and the witness, a fair amount of the deposition time was non-productive. Therefore, there is good cause for extending Mr. Kennedy's deposition beyond the 1 hour remaining under FRCP 30(d)(1)'s presumptive limit. With the requested instructions in place, Plaintiffs believe Mr. Kennedy's deposition could be completed in 3 hours (and Plaintiffs' counsel is willing to take Mr. Kennedy's deposition on a weekend, or in the evening, if necessary).

**3.    Conference.**

Plaintiffs' counsel conferred with Premier's counsel (Peter Hall) over the phone on July 5, 2017 in an effort to resolve this issue. Defense counsel stated that none of their actions were improper, declined any compromise (including with respect to the time limit). This issue is therefore submitted to the Court for resolution.

**4.    Conclusion.**

Mr. Kennedy's deposition should proceed as if he was being questioned at trial. Because this has not happened so far, the witness and Mr. Kennedy should be ordered to comply with the applicable rules. Further, because of the delays occasioned by their conduct, Plaintiffs should be given 3 hours (not just 1) in which to complete the deposition.

Respectfully submitted,

*/s/ Rex Burch*

By: _____
       Richard J. (Rex) Burch
       Texas Bar No. 24001807
       Matthew S. Parmet
       Texas Bar No. 24069719

**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:	(713) 877-8788
Telecopier:	(713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone:	(713) 352-1100
Telecopier:	(713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Attorneys for Plaintiffs**

### CERTIFICATE OF CONFERENCE

I conferred with defense counsel (Peter Hall) over the phone on July 5, 2017 in an attempt to reach a resolution of this issue. Defense counsel declined any compromise and this issue is therefore submitted to the Court for resolution.

*/s/ Rex Burch*

_____
Richard J. (Rex) Burch

### CERTIFICATE OF SERVICE

I served this document on all counsel of record via the Court's CM/ECF system.

*/s/ Rex Burch*

_____
Richard J. (Rex) Burch