```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                        SAN ANTONIO DIVISION

WILLIAM PARRISH, JOSHUA D.        *
ELLESTAD, MARIO ALFARO,           *
THOMAS J. BECKETT, MATTHEW S.     *
ROBBINS and MICHAEL GARDNER,      *
                                  *
            Plaintiffs,           *
                                  *   CIVIL NO. SA-16-CA-00417-DAE
v.                                *
                                  *
PREMIER DIRECTIONAL DRILLING,     *
L.P.,                             *
                                  *
            Defendant.            *
```

## O R D E R

Before the Court is plaintiffs' motion to establish guidelines for completing Michael Kennedy's deposition (docket nos. 143, 142 and 148), to which defendant, Premier Directional Drilling, L.P. ("Premier") has responded (docket no. 147). Upon consideration, plaintiffs' motion is **GRANTED in part and DENIED in part** (docket no. 143).

Counsel for plaintiffs maintains that Kennedy's deposition was suspended prior to its completion and that although Premier has agreed to allow plaintiffs another hour to complete the deposition, plaintiffs require three hours. The Court believes the deposition can be concluded in an hour and a half provided that the parties and counsel adhere to the following instructions:

1) that counsel for plaintiffs ask relevant questions and not badger the witness ("Well, you're flying around in a

   private jet, so I guess you've extorted enough money out of people…");

2) that counsel for defendant allow the witness to answer questions without: repeatedly interrupting and/or instructing the witness not to answer ("You – no, you don't have … to answer it yes or no." … And you don't have to explain.")[1] and coaching the witness on how to respond ("Yeah. Just – and when he asks a question, just look at me … and I'll let you know."); and finally,

3) that the witness answer the questions ("Why don't you refer back to Thomas Schmidt or Ward's depo or ask them[?]"); respond with proper decorum ("… let me say it slower so maybe you'll understand it this time"), and not raise objections of his own ("Isn't that harassment?") ("Asked and answered.").

   The parties are advised to instruct their clients and witnesses accordingly. The Court will not hesitate to sanction the parties, their counsel or both should they fail to adhere to these instructions.

   It is so **ORDERED.**

   **SIGNED** August 1, 2017.

   _____
   JOHN W. PRIMOMO
   UNITED STATES MAGISTRATE JUDGE

---

[1] Ms. Idalski also instructed the witness not to give out his address and phone number and not to answer whether he had been arrested. These are standard questions and while the Court recognizes the privacy issues at stake, Ms. Idalski designated the entire deposition as confidential. The witness and his counsel do not get to choose the questions the witness answers and the witness cannot refuse to answer because he and/or his counsel do not like the question.